■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUSTAFA NDEYE, Also Known as MUSTAFA NDEFE, Appellant. —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered October 26, 1988, convicting defendant, after a jury trial, of two counts of robbery in the first degree and sentencing him to concurrent prison terms of from 5 to 15 years each, to run concurrently with a 5-to-15-year prison term imposed at the same time upon his guilty plea to one count of robbery in the second degree under a separate indictment, unanimously affirmed.

The trial court properly exercised its discretion in granting the People's motion to consolidate two indictments, each charging robbery in the first degree *(see,* CPL 200.20 [2] [c]; [4]). The two indictments arose from separate, uncomplex criminal transactions where, on each occasion, the defendant entered an automobile and threatened the driver with a gun or knife while robbing him. Both complainants made unequivocal identifications of the defendant before and at trial. In view of the strong identification evidence in both cases, the fact that one case was further supported by such evidence as: (1) an on-the-scene identification by the complainant of the defendant; (2) recovery of the knife used in the robbery from the defendant; and (3) the finding of complainant's cigar box containing money along defendant's path of flight, did not provide "good cause" warranting separate trials in the interest of justice (CPL 200.20 [3] [a]; *compare, People v Forest,* 50 AD2d 260, 261-262). Indeed, considering the uncomplicated facts underlying each indictment, there was no "substantial likelihood" that the jury would be unable to consider the proof of each offense separately (CPL 200.20 [3] [a]). Thus, the court's decision to consolidate the indictments did not cause unfair disadvantage to the defendant and was not an improper exercise of discretion *(see, People v Lane,* 56 NY2d 1, 8).

Defendant's speculative complaint that the jury may have convicted him based upon a belief that he had a propensity to commit armed robbery is groundless, considering that the proof of each crime was "separately presented, uncomplicated and easily segregable in the jury's mind" *(People v Mack,* 111 AD2d 186, 188). Defendant's further contention that he may have been prejudiced by the cumulative effect of the evidence is also without merit, since at no time, either at trial or on appeal, did defendant argue that consolidation adversely affected his planned defense or chilled his ability to testify in either case *(cf., People v Shapiro,* 50 NY2d 747, 756-757). Concur—Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.