THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATIM MUSTAFA, Appellant. [782 NYS2d 36]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., on severance motion; Bruce Allen, J., at jury trial and sentence), rendered April 18, 2002, convicting defendant of two counts of burglary in the third degree and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

Each of the burglary convictions was supported by legally sufficient evidence. In each instance, defendant entered secured office premises that were clearly not open to the public, and the evidence supported the conclusion that he entered with knowledge that he had no license or privilege to enter (see People v Mason, 292 AD2d 294 [2002], lv denied 99 NY2d 630 [2003]).

Furthermore, in each case there was extensive evidence, including evidence concerning the circumstances of entry and defendant's behavior, from which the jury could reasonably infer that defendant entered with criminal intent (*see People v Castillo*, 47 NY2d 270, 277-278 [1979]).

The motion court properly exercised its discretion in denying defendant's severance motion (*see People v Lane*, 56 NY2d 1, 8-9 [1982]; *People v Streitferdt*, 169 AD2d 171 [1991], *lv denied* 78 NY2d 1015 [1991]). At a joint trial, defendant was convicted of the two counts at issue on appeal, and the jury was unable to reach a verdict on a third count, also involving an office burglary. Defendant's current claim that separate trials should have been ordered because the evidence of identification was stronger as to the third incident is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the identification evidence was strong as to all three burglaries, and that the jury's failure to reach a verdict on the third count indicates that it was able to distinguish the evidence presented as to each count (*see People v Ndeye*, 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.