■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIEGO SANTANA, Appellant. [815 NYS2d 26]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered September 26, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 4 to 12 years, 2 to 6 years, and 1 to 3 years, respectively, unanimously affirmed.

Defendant contends that the trial court erred in granting the People's challenges for cause to three prospective jurors and that he is entitled to a new trial because the People exhausted their peremptory challenges. We need not and do not decide whether defendant would be entitled to a new trial under these circumstances if the trial court erred in granting one or more of the People's challenges. Here, the court properly exercised its discretion in granting the People's challenges for cause to the three jurors (*see People v Williams*, 63 NY2d 882, 885 [1984]). Two of the panelists at issue made strong statements of anti-police bias, coupled with inability to accept the concept of constructive possession, and the third panelist expressly stated that he could not convict anyone who might be sent to prison. To the extent that each panelist ultimately provided a purported assurance of impartiality, such assurance was "less-than-unequivocal" (*People v Arnold*, 96 NY2d 358, 363 [2001]) when viewed in context. Moreover, as the Court of Appeals has often observed, erring on the side of disqualification is prudent because "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

The charges were properly joined pursuant to CPL 200.20 (2) (c) as similar in law, and defendant failed to establish good cause for a severance (CPL 200.20 [3]). There was strong identification evidence as to each of the three drug transactions, and there was no "substantial likelihood" that the jury would be unable to consider the proof of each offense separately (*see People v Lane*, 56 NY2d 1 [1982]; *People v Streitferdt*, 169 AD2d

171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]; *People v Ndeye*, 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]). In any event, the jury's failure to reach a verdict on certain counts indicates that it was able to distinguish the evidence presented as to each incident (*see People v Mustafa*, 10 AD3d 543, 544 [2004], *lv denied* 3 NY3d 741 [2004]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Friedman, Marlow, Nardelli and McGuire, JJ.