■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOMER MATHIS, Appellant. [829 NYS2d 98]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., at severance motion and suppression hearing; Carol Berkman, J., at jury trial and sentence), rendered November 20, 2003, convicting defendant of murder in the second degree, manslaughter in the first degree, and two counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant was tried for two unrelated murders that were lawfully joined under CPL 200.20 (2) (c), and acquitted of all charges relating to one of the incidents. The court properly exercised its discretion in denying defendant's pretrial sever-ance motion. Defendant did not establish good cause for a sever-

ance under CPL 200.20 (3) (a), since there was no material variance in the quantity of proof establishing the two crimes, and evidence as to the two incidents was presented separately and was capable of being easily segregated in the minds of the jurors (*see e.g. People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]; *People v Ndeye*, 159 AD2d 397 [1990], *lv denied* 76 NY2d 793 [1990]). Moreover, the fact that the jury acquitted defendant of all charges relating to one incident strongly indicates that he was not prejudiced by the joint trial (*see e.g. People v Mustafa*, 10 AD3d 543 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Cannon*, 306 AD2d 130, 131 [2003], *lv denied* 1 NY3d 539 [2003]), and we reject defendant's argument to the contrary.

The trial court properly declined to order a CPL article 730 competency examination, because defendant consistently demonstrated his "capacity to understand the proceedings against him [and] to assist in his own defense" (CPL 730.10 [1]), and there was no reasonable ground upon which to order such an examination (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757, 766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 881 [1995]). Although defendant had been diagnosed with a psychiatric illness, such illness was being controlled by medication. The record, including the court's own observations, as well as defendant's trial testimony and written and oral pro se applications, establishes his competency.

The court properly refused to charge the defense of justification since there was no reasonable view of the evidence, even when viewed in the light most favorable to defendant, to support such a charge. Such a defense could only have been based on speculation as to an alternate scenario that was not supported by any evidence (*see People v Woods*, 277 AD2d 152 [2000], *lv denied* 96 NY2d 740 [2001]).

Defendant's challenges to the lineup identification are unpreserved (*see People v Tutt*, 38 NY2d 1011 [1976]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.