Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered November 18, 2002, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in *351 the second degree, and sentencing her to concurrent terms of five years, unanimously affirmed.
The court properly exercised its discretion (see People v Williams, 63 NY2d 882, 885 [1984]) when it granted the prosecutor’s challenge for cause to a prospective juror. Although the panelist gave a general assurance of impartiality, she expressly stated her agreement with another panelist who had been unable to give an assurance of his ability to follow the court’s instruction that the People were not required to prove defendant’s motive (see People v Santana, 27 AD3d 308, 309 [2006], lv denied 7 NY3d 794 [2006]). The court properly determined that the panelist at issue was just as unqualified as the other panelist, whom the prosecutor also challenged for cause, and whom defendant agreed to excuse.
The court properly denied defendant’s application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court’s finding that the nondiscriminatory employment-based reason provided by the prosecutor for the challenge in question was not pretextual. This finding is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). Defendant did not establish disparate treatment by the prosecutor of similarly situated panelists.
Defendant is not entitled to reversal, or any other corrective action, as the result of the People’s loss of a 911 tape that was admitted at trial as an excited utterance (see People v Yavru-Sakuk, 98 NY2d 56 [2002]). The content of the call is undisputed, and the speaker’s excited tone of voice is sufficiently described on the present record. Accordingly, defendant has not identified any issue that this Court could not decide without listening to the tape. In any event, even if we found the tape inadmissible, we would find the error to be harmless.
The court properly exercised its discretion in denying defendant’s mistrial motion made when the prosecutor, while cross-examining defendant, asked an inappropriate question about defendant’s husband’s conviction of a crime. The question, which was not inflammatory, went unanswered, and the court prevented any prejudice by way of a strong curative instruction (see People v Santiago, 52 NY2d 865 [1981]) that the jury is presumed to have followed (see People v Davis, 58 NY2d 1102, 1104 [1983]).
Defendant’s remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.