# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1243
KA 10-01594
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

VICTOR GASTON, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered May 5, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient because the testimony of the victim was incredible as a matter of law (*see People v Holloway*, 97 AD3d 1099, 1099, *lv denied* 19 NY3d 1026; *People v Brown*, 67 AD3d 1369, 1369-1370, *lv denied* 14 NY3d 886) and, in any event, that contention is without merit. The victim's testimony "was not incredible as a matter of law inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the factfinder's] opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *Bleakley*, 69 NY2d at 495). Although an acquittal would not have been unreasonable given the inconsistencies in the victim's testimony (*see People v Kilbury*, 83 AD3d 1579, 1580-1581, *lv denied* 17 NY3d 860; *People v Hill*, 74 AD3d 1782, 1782, *lv denied* 15 NY3d 805), it cannot be said that the jury failed to give the evidence

the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention that County Court erred in denying his motion to sever the two assault counts.  The two counts both charged assault in the second degree, although under different subdivisions, and involved the same victim.  Even assuming, arguendo, that those counts were not properly joinable pursuant to CPL 200.20 (2) (b), we nevertheless conclude that they were properly joinable pursuant to CPL 200.20 (2) (c) because they "are defined by the same or similar statutory provision and consequently are the same or similar in law," and defendant failed to show good cause for severance (*see* CPL 200.20 [3]; *see generally People v Mahboubian*, 74 NY2d 174, 183).  Indeed, the fact that defendant was acquitted of one count indicates that the jury was able to consider the proof concerning each count separately (*see People v Davis*, 19 AD3d 1007, 1007).

Contrary to defendant's contention, he was not denied a fair trial by erroneous evidentiary rulings.  The court properly sustained two objections to irrelevant questions that defense counsel asked the victim during cross-examination (*see generally People v Baker*, 294 AD2d 888, 889, *lv denied* 98 NY2d 708).  Defendant failed to preserve for our review his further contention that certain comments in the prosecutor's opening and closing statements deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Brown*, 94 AD3d 1461, 1462, *lv denied* 19 NY3d 995), and in any event his contention is without merit. "Absent bad faith or undue prejudice, reversal is not required because the prosecutor fails to prove every statement or representation made during an opening statement" (*People v Evans*, 242 AD2d 948, 949, *lv denied* 91 NY2d 834).  The majority of the prosecutor's comments on summation to which defendant objects on appeal were within the " 'broad bounds of rhetorical comment permissible in closing argument' " (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854, quoting *People v Galloway*, 54 NY2d 396, 399) and, in any event, they were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915).  Those comments that were arguably beyond those bounds and were not fair response or fair comment were not so egregious as to deprive defendant of a fair trial (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893; *People v Rivera*, 281 AD2d 927, 928, *lv denied* 96 NY2d 906).

We reject the contention of defendant that he was denied effective assistance of counsel.  Inasmuch as defendant was not denied a fair trial by any alleged instances of prosecutorial misconduct, defense counsel's failure to object to those comments does not constitute ineffective assistance of counsel (*see People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954).  In addition, defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's motion to preclude the People from introducing certain evidence that defendant now claims would have helped his defense (*People v Garcia*, 75 NY2d 973, 974).  Defendant's contention that defense counsel was ineffective in failing to inform

him in a timely manner of his right to appear and testify before the grand jury is based on matters outside the record and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Bryant*, 1 AD3d 966, 966).  We have reviewed the remaining instances of alleged ineffective assistance of counsel raised by defendant and conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, the sentence is not unduly harsh or severe.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court