# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**223**

**KA 11-01825**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

JOHN E. RIOS, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN E. RIOS, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S.
Sperrazza, J.), rendered May 5, 2011. The judgment convicted
defendant, upon a jury verdict, of grand larceny in the fourth degree,
aggravated unlicensed operation of a motor vehicle in the first
degree, driving while intoxicated, a class E felony, criminal contempt
in the second degree, aggravated unlicensed operation of a motor
vehicle in the second degree and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the facts by reversing that part convicting
defendant of grand larceny in the fourth degree under count seven of
the indictment and dismissing that count, and as modified the judgment
is affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of one count each of grand larceny in the fourth
degree (Penal Law § 155.30 [8]), aggravated unlicensed operation of a
motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]
[a] [iii]), driving while intoxicated as a felony (§§ 1192 [3]; 1193
[1] [d] [4] [i]), criminal contempt in the second degree (Penal Law §
215.50 [3]), and aggravated unlicensed operation of a motor vehicle in
the second degree (Vehicle and Traffic Law § 511 [2] [a] [ii]), and
two counts of petit larceny (Penal Law § 155.25). Contrary to
defendant's contention, County Court properly denied his motion to
sever those counts of the indictment relating to the incidents
occurring on May 2009 from those counts relating to the incidents
occurring on September 2009 because he failed to show "good cause for
severance" (*People v Gaston*, 100 AD3d 1463, 1465; *see* CPL 200.20 [3]).
Here, "the evidence as to the [May and September 2009 incidents] was
presented separately and was readily capable of being segregated in

the minds of the jury. The incidents occurred on different dates and the evidence as to each incident was presented through entirely different witnesses" (*People v Ford*, 11 NY3d 875, 879), and defendant failed to establish that there was a " 'substantial likelihood' that the jury would be unable to consider the proof of each offense separately" (*People v Santana*, 27 AD3d 308, 309, *lv denied* 7 NY3d 794). Moreover, the fact that defendant was acquitted of three charges "indicates that the jury was able to consider the proof concerning each count separately" (*Gaston*, 100 AD3d at 1465). Defendant also failed to make a "convincing showing" that he had important testimony to provide concerning the September 2009 incidents and a strong need to refrain from testifying as to the May 2009 incidents (*People v Lane*, 56 NY2d 1, 8 [internal quotation marks omitted]). Defendant's burden to establish that the court abused its discretion in denying the severance motion was "a substantial one" (*People v Mahboubian*, 74 NY2d 174, 183), and he did not meet that burden here.

We agree with defendant, however, that the verdict with respect to the grand larceny in the fourth degree count (Penal Law § 155.30 [8]) is against the weight of the evidence, and we therefore modify the judgment accordingly. The conviction of that crime was based upon defendant's alleged theft of his former girlfriend's Jeep. The record establishes that, in May 2009, defendant's relationship with his former girlfriend had deteriorated. Consequently, defendant agreed to leave his girlfriend's house and never return if she "sign[ed] that [Jeep] over to him" and gave him the title to the Jeep. The girlfriend agreed and signed over the title to defendant. Defendant packed up the Jeep, drove around the block, and returned to the house 10 minutes later. Because defendant had violated their agreement, the girlfriend told defendant that "the deal was off," took the title out of the Jeep without defendant's knowledge, and drove a different car to a friend's house. The girlfriend left the Jeep at her house with defendant. It is undisputed that the girlfriend did not remove the license plates or proof of insurance from the Jeep, nor did she remove the Jeep's keys from the house. The girlfriend also testified that defendant believed that he had a right to possess the Jeep and that she did not inform him otherwise.

Defendant was arrested for petit larceny and driving while intoxicated on May 17, 2009, and he remained in jail until September 16, 2009, at which time he returned to the girlfriend's house. Defendant observed a "for sale" sign on the Jeep and demanded that the girlfriend remove it because she was not allowed to sell "his" Jeep. The girlfriend finally convinced defendant to leave the house but, the next morning, defendant took the Jeep without her knowledge. That night defendant drove the Jeep while intoxicated and rolled it onto its side. Defendant was thereafter arrested for driving while intoxicated and for stealing the Jeep.

It is well established that "a good faith claim of right is properly a defense—not an affirmative defense—and thus, 'the people have the burden of disproving such defense beyond a reasonable doubt' " (*People v Zona*, 14 NY3d 488, 492-493, quoting Penal Law §

25.00 [1]; *see* § 155.15 [1]).  A defendant is not required to "establish that he previously owned or possessed the property at issue in order to assert the claim of right defense" (*Zona*, 14 NY3d at 494). The test is whether a defendant had a "subjective[,] good faith" belief that he or she had a claim of right to the relevant property, not whether defendant's belief was reasonable (*id.* at 493).  Based on the testimony of defendant's former girlfriend, which is the only evidence that relates to the claim of right issue, we conclude that it was unreasonable for the jury to conclude that the People established beyond a reasonable doubt that defendant did not have a subjective, good faith basis for believing that the Jeep was his, and thus the verdict with respect to the grand larceny in the fourth degree count is against the weight of the evidence (*see generally People v Danielson*, 9 NY3d 342, 348).  The only support for that count is the girlfriend's statement to defendant that the agreement to transfer title to him was "off."  The girlfriend, however, then left the house without saying anything else about the Jeep, left the keys to the Jeep in the house, and took the title out of the Jeep without informing defendant that she had done so.  Although, arguably, the girlfriend's statement to defendant retracting the agreement to transfer title should have indicated to defendant that the Jeep was not his, that evidence did not establish beyond a reasonable doubt that defendant did not have a subjective, good faith basis for believing that the Jeep was his (*see generally Zona*, 14 NY3d at 492-493).

We have reviewed defendant's contentions in his pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.

Entered:  June 7, 2013                          Frances E. Cafarell
                                                Clerk of the Court