# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

343

KA 12-00106

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

STANLEY LOSTUMBO, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 6, 2012. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree, criminal mischief in the fourth degree (two counts), petit larceny (two counts), possession of burglar's tools (two counts) and reckless endangerment in the first degree (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing those parts convicting defendant of reckless endangerment in the first degree under counts 10, 11, 13 and 14 of the superceding indictment to reckless endangerment in the second degree (Penal Law § 120.20), and vacating the sentences imposed on those counts and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Onondaga County, for sentencing on those counts.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, one count of criminal mischief in the third degree (Penal Law § 145.05 [2]) and four counts of reckless endangerment in the first degree (§ 120.25) arising out of two incidents in which he vandalized and stole money from vending machines. When the police approached defendant immediately after the second incident, he fled in a dump truck and led numerous law enforcement officers on a 40-minute chase. We agree with defendant that the evidence adduced at trial is legally insufficient to establish that he acted with depraved indifference to human life under Penal Law § 120.25. Defendant's flight from law enforcement in a motor vehicle was not wantonly cruel or brutal behavior evincing " 'an utter disregard for the value of human life' " (*People v Feingold*, 7 NY3d 288, 296; *see People v Lewie*, 17 NY3d 348, 359; *see also People v Suarez*, 6 NY3d 202, 213). Even if defendant had engaged in conduct that created a grave risk of death to identified members of the general public, the Court of Appeals and this Court have held in

similar cases that such conduct does not constitute evidence of depraved indifference (*see People v Prindle*, 16 NY3d 768, 771; *People v Jean-Philippe*, 101 AD3d 1582, 1583). We therefore modify the judgment by reducing the conviction of reckless endangerment in the first degree under counts 10, 11, 13 and 14 of the superceding indictment to reckless endangerment in the second degree (§ 120.20), and we remit the matter to Supreme Court for sentencing on those counts.

We reject defendant's contention that the evidence is legally insufficient to support the conviction of criminal mischief in the third degree on the ground that the People failed to establish that he caused the damage to the property at issue (*see* Penal Law § 145.05 [2]). A witness testified at trial that he observed a man repeatedly striking the vending machine with a crowbar for between three and five minutes. That witness also observed the same man shatter the window of a van and steal a GPS system therefrom, and defendant subsequently confessed to stealing that GPS system. Defendant's girlfriend also testified that defendant repeatedly struck the vending machine with a crowbar, causing the damage. Viewing the evidence in the light most favorable to the prosecution, as we must, we conclude that the evidence is legally sufficient to establish that defendant caused the damage to the property at issue (*see People v Contes*, 60 NY2d 620, 621). Furthermore, viewing the evidence in light of the elements of criminal mischief in the third degree as charged to the jury, we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Danielson*, 9 NY3d 342, 348-349).

Defendant's posttrial motion was inadequate to preserve for our review his further contention that the testimony of an employee of the vending machine maintenance company was insufficient to establish the amount of damage to the vending machine (*see People v Mills*, 28 AD3d 1156, 1157, *lv denied* 7 NY3d 903; *see generally People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit (*see People v Butler*, 70 AD3d 1509, 1509, *lv denied* 14 NY3d 886).

We also reject defendant's contention that he was deprived of his right to a fair trial when the court admitted in evidence a letter that he had written to his girlfriend while incarcerated, in which he requested that she not "hurt" him by testifying to what she had witnessed during both incidents. We conclude that the letter was properly admitted "as an admission inconsistent with defendant's innocence" (*People v McCray*, 227 AD2d 900, 900, *lv denied* 89 NY2d 866).

Defendant failed to preserve for our review his further contention that during deliberations the jury was provided with exhibits that had not been admitted in evidence (*see People v Kalb*, 91 AD3d 1359, 1360, *lv denied* 19 NY3d 963), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Thompson*, 34 AD3d 852, 854, *lv denied* 8 NY3d 885). We note that, "to the extent that the record is not entirely clear on the point, defendant has not met his burden of

presenting a factual record sufficient to permit appellate review"
(*People v Turaine*, 227 AD2d 299, 300, *lv denied* 88 NY2d 1025).

Defendant failed to preserve for our review his contention that
he was penalized for asserting his right to a trial (*see People v
Hurley*, 75 NY2d 887, 888), including his present objection to the
court's comment at sentencing that it would impose "twice as much as
what was offered pre-indictment" (*see People v Jones*, 2 AD3d 1397,
1399, *lv denied* 2 NY3d 742).  We decline to exercise our power to
review defendant's contention as a matter of discretion in the
interest of justice (*see* CPL 470.15 [6] [a]).  Finally, we note that
we are remitting the matter for sentencing on the four counts of
reckless endangerment in the second degree, and we conclude that the
sentence is not otherwise unduly harsh or severe.