# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

361
KA 12-02198
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ALBERT JACKSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered November 28, 2011. The judgment convicted defendant, upon a jury verdict, of attempted burglary in the second degree, possession of burglar's tools, robbery in the second degree, burglary in the first degree, reckless endangerment in the first degree and unauthorized use of a vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of robbery in the second degree, burglary in the first degree, and unauthorized use of a vehicle in the first degree, suppressing the statements made by defendant on November 17, 2010, reducing that part convicting defendant of reckless endangerment in the first degree under count nine of the indictment to reckless endangerment in the second degree (Penal Law § 120.20) and vacating the sentence imposed on that count and as modified the judgment is affirmed, a new trial is granted on counts 5, 6 and 10 of the indictment, and the matter is remitted to Supreme Court, Erie County, for sentencing on count nine of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), possession of burglar's tools (§ 140.35), robbery in the second degree (§ 160.10 [2] [a]), burglary in the first degree (§ 140.30 [2]), reckless endangerment in the first degree (§ 120.25), and unauthorized use of a vehicle in the first degree (§ 165.08). Defendant's conviction stems from events that occurred on two separate days. On August 16, 2010, defendant was arrested after the police observed him attempting to break into a house with a screwdriver, and he gave a statement to the police denying that he was attempting to break into the house. On November 17, 2010, a 71-year-

old man was stabbed several times upon encountering an intruder in his garage.  The intruder stole the victim's wallet, cell phone, and vehicle, and fled the scene.  The victim contacted the police, and the police tracked the location of the victim's cell phone and located defendant and three other individuals inside the victim's vehicle.  Defendant, who was the driver of the vehicle, led the police on a high-speed chase before crashing the vehicle.  After he was arrested, defendant gave statements at the police station admitting that he was in the victim's garage, attacked him, robbed him, stole the vehicle, and led officers on a high-speed chase.  Defendant's statements consisted of handwritten notes prepared by a police officer that defendant signed, a typed statement that defendant also signed, and a videotape of the interrogation, all of which were admitted in evidence at trial.

We agree with defendant that Supreme Court erred in failing to suppress the statements he made to the police on November 17, 2010.  The evidence at the *Huntley* hearing established that a police officer transporting defendant to the police station on that date began to read the *Miranda* rights to defendant, but defendant interrupted the officer after a few words and told him that he knew his rights.  At the police station, defendant was interviewed by a different officer but was not read his *Miranda* rights until after he gave his statements.  We agree with defendant that his statements should have been suppressed because he was not advised of his *Miranda* rights.  It is well settled that "[a]n individual taken into custody by law enforcement authorities for questioning 'must be adequately and effectively apprised of his rights' safeguarded by the Fifth Amendment privilege against self-incrimination" (*People v Dunbar*, 24 NY3d 304, 313, quoting *Miranda v Arizona*, 384 US 436, 467).  The *Miranda* warnings "are an 'absolute prerequisite to interrogation' " (*id.* at 314, quoting *Miranda*, 384 US at 471).  Here, the court concluded that defendant understood his rights based on the fact that he had been given *Miranda* warnings before he gave his August 16, 2010 statement. A court, however, does not " 'inquire in individual cases whether the defendant was aware of his rights *without* a warning being given' " (*id.* at 314, quoting *Miranda*, 384 US at 468).  Defendant's statements made on November 17, 2010 must therefore be suppressed because the *Miranda* warnings were not given until after defendant was interrogated (*see generally People v Chapple*, 38 NY2d 112, 115).

The suppression of defendant's statements made on November 17, 2010 has no impact on his conviction of the charges arising from the August 2010 incident or his conviction of reckless endangerment in the first degree.  We conclude, however, that a new trial is required for the remaining counts because the court's error in failing to suppress the statements is not harmless.  While we conclude that the evidence of guilt, in particular the forensic evidence, is overwhelming, we cannot conclude that there is no reasonable possibility that the error might have contributed to the conviction (*see People v Crimmins*, 36 NY2d 230, 240-241).  Defendant's statements placed him in the victim's garage as the attacker despite the victim's inability to identify him, he added incriminating details that other witnesses could not provide, and he corroborated details that other witnesses did provide.

Moreover, the jury acquitted defendant of several charges related to the November 2010 burglary and robbery incident, and thus must not have considered the evidence so overwhelming as to prove all counts. We further note that the People do not argue that any error would be harmless, and appear to agree that defendant's confession was central to their case. We therefore modify the judgment accordingly. In view of our determination to grant a new trial on the remaining counts, we address defendant's contention that the conviction of burglary in the first degree is not supported by legally sufficient evidence because there was no door connecting the garage to the house. That contention is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19), but it is without merit in any event (*see People v Green*, 141 AD2d 760, 761, *lv denied* 73 NY2d 786). Because "the garage in the present case was structurally part of a [house] which was used for overnight lodging . . . , it must be considered as part of a dwelling" (*Green*, 141 AD2d at 761). Defendant also failed to preserve for our review his contention that the conviction of unauthorized use of a vehicle is not supported by legally sufficient evidence (*see Gray*, 86 NY2d at 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that he was denied effective assistance of counsel. The constitutional right to effective assistance of counsel "does not guarantee a perfect trial, but assures the defendant a fair trial" (*People v Flores*, 84 NY2d 184, 187). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant's contention that prosecutorial misconduct on summation deprived him of a fair trial is not preserved for our review (*see People v Johnson*, 121 AD3d 1578, 1579), and is without merit in any event.

Defendant failed to preserve for our review his further contention that the conviction of reckless endangerment in the first degree is not supported by legally sufficient evidence (*see Gray*, 86 NY2d at 19), but we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we agree with defendant. The evidence established that defendant acted recklessly when he led the police on a high-speed chase in which he interfered with traffic, exceeded the speed limit, and ran several red lights and stop signs before crashing the vehicle. That evidence, without more, is insufficient to establish that defendant acted with the requisite depraved indifference to support a conviction of reckless endangerment in the first degree (*see People v Lostumbo*, 107 AD3d 1395, 1396; *see generally People v Maldonado*, 24 NY3d 48, 55). We therefore further modify the judgment by reducing the conviction of reckless endangerment in the first degree to reckless endangerment in the second degree (Penal Law § 120.20), and we remit the matter to Supreme Court for sentencing on that count (*see Lostumbo*, 107 AD3d at 1396).

We reject defendant's contention that the court abused its discretion in denying that part of his omnibus motion seeking severance.  Defendant "failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of the charges" (*People v Brown*, 254 AD2d 781, 782, *lv denied* 92 NY2d 1029).  The People's proof with respect to the events in August 2010 and November 2010 was "straightforward and easily segregated" (*People v Daymon*, 239 AD2d 907, 908, *lv denied* 94 NY2d 821; *see People v Rios*, 107 AD3d 1379, 1380, *lv denied* 22 NY3d 1158) and, indeed, the jury acquitted defendant of some of the counts, thereby indicating that it was able to consider each count separately (*see Rios*, 107 AD3d at 1380).

Contrary to defendant's contentions, the court did not abuse its discretion in denying his request for youthful offender status (*see People v Potter*, 13 AD3d 1191, 1191, *lv denied* 4 NY3d 889), and the sentence imposed with respect to attempted burglary and possession of burglar's tools is not unduly harsh or severe.

Entered:  March 27, 2015                      Frances E. Cafarell
                                              Clerk of the Court