People v Hicks (2019 NY Slip Op 03522)





People v Hicks


2019 NY Slip Op 03522


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1431 KA 15-01407

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VELINE HICKS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 29, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, unlawful fleeing a police officer in a motor vehicle in the third degree, reckless endangerment in the second degree, resisting arrest and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance (CPCS) in the third degree (Penal Law § 220.16 [1]) and reckless endangerment in the second degree (§ 120.20). We reject defendant's contention that Supreme Court erred in denying his pro se motion to dismiss the indictment on the ground that the People failed to provide him with reasonable notice of the grand jury proceedings (see CPL 190.50 [5] [a], [c]). A defendant does not have to be given "a specific time period for notice; rather, reasonable time' must be accorded to allow a defendant an opportunity to consult with [defense] counsel and decide whether to testify before a [g]rand [j]ury" (People v Sawyer, 96 NY2d 815, 816 [2001]; see People v Gelling, 163 AD3d 1489, 1491 [4th Dept 2018], amended on rearg 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]). Here, the record establishes that the People gave defendant and his attorney 23 hours' notice that the matter was to be presented to the grand jury, which, under the specific circumstances of this case, constituted reasonable notice (see Gelling, 163 AD3d at 1491). Moreover, inasmuch as the indictment was not filed until approximately two months later and during that time " neither defendant nor defense counsel notified the People that defendant intended to testify before the grand
jury,' " we conclude that " defendant was not deprived of the right to testify' " (id.).
Defendant's contention that a police sergeant's testimony about defendant's intent to sell cocaine improperly usurped the jury's fact-finding role is unpreserved (see People v Pierre, 37 AD3d 1172, 1173 [4th Dept 2007], lv denied 8 NY3d 989 [2007]). In any event, any error in permitting the police sergeant to testify to the effect that defendant " possessed [the cocaine] with the intent to sell' it" (People v Brown, 52 AD3d 1175, 1177 [4th Dept 2008], lv denied 11 NY3d 923 [2009]) was harmless (see People v Salaam, 46 AD3d 1130, 1131-1132 [3d Dept 2007], lv denied 10 NY3d 816 [2008]; People v Hartzog, 15 AD3d 866, 867 [4th Dept 2005], lv denied 4 NY3d 831 [2005]; People v Wright, 283 AD2d 712, 713-714 [3d Dept 2001], lv denied 96 NY2d 926 [2001]).
Defendant's contention that the evidence is legally insufficient with respect to his conviction of CPCS in the third degree and reckless endangerment in the second degree is also unpreserved (see People v Gray, 86 NY2d 10, 19 [1995]). Furthermore, viewing the evidence in [*2]light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention concerning CPCS in the third degree, the weight of the evidence, including the testimony establishing that defendant possessed a "bulk amount" of unpackaged cocaine and six knotted plastic bags filled with less than one gram of cocaine each, consistent with street-level sales, supports the jury's conclusion that defendant intended to sell narcotic drugs in his possession (see People v Bell, 296 AD2d 836, 837 [4th Dept 2002], lv denied 98 NY2d 766 [2002]; People v Belo, 240 AD2d 964, 966 [3d Dept 1997], lv denied 91 NY2d 869 [1997]; see also People v Smith, 217 AD2d 910, 910 [4th Dept 1995]). Additionally, contrary to defendant's contention concerning reckless endangerment in the second degree, the weight of the evidence supports the jury's conclusion that defendant recklessly engaged in conduct that created a substantial risk of serious physical injury inasmuch as he led police on a high-speed chase through a residential neighborhood and, in so doing, traveled at more than twice the speed limit on the wrong side of the street, ignored stop signs, and almost struck two moving vehicles and two parked cars (see generally People v Jackson, 126 AD3d 1508, 1511 [4th Dept 2015]; People v Lostumbo, 107 AD3d 1395, 1396 [4th Dept 2013]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court