People v Conyers (2022 NY Slip Op 06560)

People v Conyers

2022 NY Slip Op 06560

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Ind. No. 2504/16 3121/16 Appeal No. 16687 Case No. 2018-04277 

[*1]The People of the State of New York, Respondent,
v
Arnold Conyers, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J. at consolidation motion; Erika M. Edwards, J. at jury trial and sentencing), rendered July 30, 2018, convicting defendant of 21 counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). Assuming defendant preserved his substantive and procedural Batson objections and assuming defendant made a prima facie showing that preemptory challenges were purposefully used by the People in a discriminatory manner, we find that the record supports the court's finding that the nondiscriminatory reasons provided by the People for the challenges in question were not pretextual. Given the general deference afforded the fact-finding court, we find no basis to conclude the court erred in this determination (see People v Hernandez, 75 NY2d 350,356 [1990], affd 500 US 352 [1991]).
The motion court providently exercised its discretion in granting the People's motion to consolidate the two indictments relating to separate incidents. The charges were legally similar (see CPL 200.20[2][c]), and defendant has not demonstrated any risk that the jury would be unable to consider the charges separately (see People v Lane, 56 NY2d 1 [1982]; People v Ndeye, 159 AD2d 397 [1st Dept 1990], lv denied 76 NY2d 793 [1990]). Furthermore, evidence of defendant's knowledge that the concert tickets he possessed in each incident were counterfeit and his intent to use them to defraud others would have been material and admissible at both trials if the indictments had not been consolidated (see CPL 200.20[2][b]; People v Molineux, 168 NY 264, 297-298 [1901]; People v Hernandez, 103 AD3d 433 [1st Dept 2013], lv denied 22 NY3d 1041 [2013]). The probative value of the overlapping evidence outweighed any potential for prejudice, and the trial court provided limiting instructions (see People v Forbes, 166AD3d 414, 415 [1st Dept 2018]).
We perceive no basis for reducing defendant's sentence.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022