People v Mercer (2022 NY Slip Op 07302)

People v Mercer

2022 NY Slip Op 07302

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Ind No. 2239/17 2583/18 Appeal No. 16971 Case No. 2020-00252 

[*1]The People of the State of New York, Respondent,
v
Durwin Mercer, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael J. Obus, J. at consolidation motion; Cassandra M. Mullen, J. at suppression hearing and jury trial), rendered November 7, 2019, as amended January 6, 2020, convicting defendant of criminal sale of a controlled substance in the third degree and criminal contempt in the second degree, and sentencing him to an aggregate term of three years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress physical evidence, i.e., prerecorded buy money as the fruit of an unlawful arrest. Defendant's arrest and subsequent search of his person emanated from an undercover drug buy and bust operation. Under the fellow officer rule (see People v Ketcham, 93 NY2d 416, 419 [1999]), the arresting officer was entitled to rely on the description of a drug seller provided by a ghost undercover officer. Given the circumstances, either the description was based on the ghost officer's own observations, or it could only have originated from the undercover officer who made the purchase (see id. at 421-422; People v Dickerson, 20 AD3d 359, 360 [1st Dept 2005], lv denied 5 NY3d 852 [2005]). This description included a combination of clothing styles and colors, along with a particular hairstyle. Shortly after the radio transmission, the arresting officer observed defendant, the only person in the vicinity matching the description, walking down the street and counting money. The description was "sufficiently specific to provide probable cause to the arresting officer in light of the close temporal and spatial proximity between the drug sale and defendant's arrest" (People v Garcia, 199 AD3d 425, 425 [1st Dept 2021], lv denied 37 NY3d 1161 [2022]). Although the arrest occurred on a busy street, and the radioed description did not state the suspect's location, it is clear from the hearing evidence that defendant was arrested less than a block from the just-completed drug transaction, and it was "highly unlikely that the suspect had departed and that . . . an innocent person of identical appearance coincidentally arrived on the scene" (People v Johnson, 63 AD3d 518, 518 [2009], lv denied 13 NY3d 797 [2009]). Moreover, defendant tried to flee when the arresting officer identified himself.
The motion court providently exercised its discretion in granting consolidation of two indictments relating to separate drug sales (see CPL 200.20[2][c]). Defendant has not demonstrated good cause for severance or any substantial likelihood that the jury was unable to consider the charges separately (see CPL 200.20[3]; People v Lane, 56 NY2d 1, 7 [1982]; People v Ndeye, 159 AD2d 397, 397-98 [1st Dept 1990], lv denied 76 NY2d 793 [1990]). Moreover, the court provided suitable limiting instructions, and the jury acquitted defendant of one of the drug sale charges, convicting him only of criminal contempt (arising out of a contemporaneous violation of an order of protection), which "strongly indicates that he [*2]was not prejudiced by the joint trial" (see People v Mathis, 37 AD3d 212, 213 [1st Dept 2007], lv denied 8 NY3d 987 [2007]). Finally, any error in consolidating the indictments was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022