People v Hurt (2023 NY Slip Op 01753)

People v Hurt

2023 NY Slip Op 01753

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Ind. No. 731/15 Appeal No. 17619 Case No. 2017-01283 

[*1]The People of the State of New York, Respondent,
v
Malkim Hurt, Defendant-Appellant.

Mark W. Zeno, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J. at consolidation motion; Juan M. Merchan, J. at hearing, jury trial and sentencing), rendered September 29, 2016, convicting defendant of robbery in the second degree, and sentencing defendant, as a second violent felony offender, to a term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 8 years, and otherwise affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. Although the victim was unable to identify his attackers at the time of trial, he identified defendant in a lineup a few days after the robbery, and the identification was corroborated by strong circumstantial inferences of guilt that could be drawn from surveillance videos and telephone records.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). In particular, defendant has not shown a reasonable possibility that counsel could have succeeded in obtaining suppression of the victim's lineup identification on the ground of suggestiveness (see generally People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]).
The motion court providently exercised its discretion in consolidating the instant indictment with another robbery indictment as similar in law (see CPL 200.20[2][c]). "[T]here was no material variance in the quantity of proof for the separate incidents. Moreover, the evidence as to the two crimes was presented separately and was readily capable of being segregated in the minds of the jury" (People v Ford, 11 NY3d 875, 879 [2008]). Furthermore, the jury acquitted defendant of the other robbery, which "strongly indicates that [the defendant] was not prejudiced by the joint trial" (see People v Mathis, 37 AD3d 212, 213 [1st Dept 2007], lv denied 8 NY3d 987 [2007]). The People did not make a propensity argument based on the presence of two robbery charges, but only made permissible, record-based arguments about some overlapping evidence. Although the motion court did not grant consolidation on an overlapping evidence theory (see CPL 200.20[2][b]), this did not limit the trial court's independent discretion to permit otherwise [*2]appropriate arguments in this regard (see People v Evans, 94 NY2d 499, 504-506 [2000]), and the court's charge sufficiently cautioned the jury to avoid any inference of criminal propensity.
Defendant's other challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We find the sentence excessive to the extent indicated. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023