OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
We cannot say as a matter of law that the record before the suppression court, including the minutes of the in camera examination of the confidential informant, did not provide a sufficient basis on which to find that the arresting officer had probable cause for the warrantless arrest of defendants. The record reveals the basis of the informant’s knowledge by detailing "how the informant acquired personal knowledge, and shows that this information was dis *943 closed to the officer prior to the arrest (see People v Elwell, 50 NY2d 231, 236). Insofar as the in camera minutes were part of the record from the court in which judgment was entered, they would properly be included in the appellate record. The denial of defendants’ motion at the Appellate Division must therefore be construed as denying only defendants’ access to those minutes.
It is noted additionally that the suppression court adequately complied with the procedures specified in People v Darden (34 NY2d 177) for maintaining the informant’s confidentiality during a pretrial challenge to the probable cause supporting police conduct. The court’s opinion denying suppression referred to information disclosed during the in camera examination without revealing the identity of the informant. Defendants were specifically afforded the opportunity to submit questions for the court to ask the informant. Defendant Clark first submitted questions and requested a summary months after the in camera examination and while the court had the matter under consideration for decision. Defendant Wilson never submitted proposed questions or requested a Darden summary. Having charted their own course under Darden, defendants may not now be heard to complain that they did not have access to the minutes.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
In each case: Order affirmed in a memorandum.