■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LOWEN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Mastrella, J.), rendered October 2, 1981, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ On January 6, 1981, two officers assigned to the Special Investigations Unit of the Mount Vernon Police Department received information that two individuals had been observed selling narcotics from their automobile on South Third Avenue near the Mount Vernon-Bronx border. Acting upon that information, the officers undertook surveillance from a vantage point "within the city limits" of Mount Vernon and observed an automobile matching the description supplied by the

informant "travelling north on Provost Avenue to the [c]ity limits of Mount Vernon". The officers saw the driver park the car and, through the use of binoculars, one of them saw another vehicle stop, the driver exit, walk up to the automobile under surveillance and exchange currency for a small clear plastic bag containing a white substance which the officer with the binoculars believed, as a result of his experience, to be cocaine. ¶ After the transaction was completed, the officers trailed the suspect vehicle, which was constantly in view, until they were able to pull it over. A bag, which was later determined to contain cocaine, was found on the console and was seized. Defendant and his passenger were arrested. (It appears that the codefendant jumped bail prior to trial.) ¶ On this appeal, defendant's primary challenge is directed to the sufficiency of the indictment and the proof concerning the location at which the criminal activity occurred. More specifically, he claims that the indictment charged that the crime occurred "in the City of Mount Vernon, County of Westchester" while the proof adduced at trial indicated that the possession may have occurred south of the city line in Bronx County. We find no reversible error. ¶ First, we would note that the issue was waived by the failure to raise the point by pretrial motion (CPL 255.10, subd 1, par [a]; 255.20; *People v Iannone,* 45 NY2d 589, 600-601; *People v Soto,* 44 NY2d 683, 684; cf. *People v Selby,* 53 AD2d 878, affd 43 NY2d 791). Inasmuch as the codefendant made such a pretrial motion, which was not joined in by the defendant and is thus unavailable as a procedural vehicle for appellate review (*People v Cona,* 49 NY2d 26, 34; *People v Teeter,* 47 NY2d 1002, 1003), the motion made at the close of all the evidence was not timely as there was no good cause shown for the delay (*People v Key,* 45 NY2d 111, 116). In addition, the motion was neither in writing nor on reasonable notice to the People as required by statute (CPL 210.45, subd 1; see *People v Key, supra,* p 116). ¶ Moreover, there is no question that the defect, if any, was waivable. "In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (*People v Iannone,* 45 NY2d 589, 600, *supra*). The indictment in this case clearly fulfilled the statutory and constitutional requirements of due process and fair notice (*People v Spann,* 56 NY2d 469, 473; *People v Cohen,* 52 NY2d 584). Notably absent from defendant's brief is any claim of prejudice. Indeed, since the offense was committed within 500 yards of the boundary, either Bronx County or Westchester County had geographical jurisdiction to prosecute (CPL 20.40, subd 4, par [c]; see Pitler, NY Crim Prac under CPL, § 6.20, p 299). ¶ Venue is a question of fact for the jury to determine but it need only be established by a preponderance of the evidence (*People v Moore,* 46 NY2d 1, 6; *People v Hetenyi,* 304 NY 80, 83-84). The testimony of one of the officers that the transaction occurred within the city limits of Mount Vernon is sufficient to support the jury's determination (*People v Cullen,* 50 NY2d 168, 173; cf. *People v Dordal,* 55 NY2d 954, 956). There was no need for the People to substantiate that testimony by, as the defendant puts it, the use of "maps or other documentation". ¶ Defendant also complains that error was committed when the court, in conducting a pretrial hearing pursuant to *People v Darden* (34 NY2d 177) to determine whether the information supplied by the informant gave rise to probable cause, did not permit him to submit written questions and did not prepare a summary report. Because defense counsel never asked to submit questions, and there is no indication that there was a prompt request for a summary, defendant may not now complain (*People v Clark,* 54 NY2d 941, 943; *People v Medina,* 53 NY2d 951). Furthermore, a *Darden* hearing was completely unnecessary as probable cause existed quite apart from the information relayed by the informant. Here we have direct testimony by a police officer that he observed what appeared to be a drug transaction (*People v McRay,* 51

NY2d 594; *People v Valentine,* 17 NY2d 128; *People v Bittner,* 97 AD2d 33; cf. *People v Fulton,* 58 NY2d 914; *People v Leyva,* 38 NY2d 160, 172). ¶ Finally, we note that the evidence was sufficient in quantity and quality to support the jury's verdict *(People v McGribb,* 96 AD2d 1108), that the defendant was not entitled to a circumstantial evidence charge because the prosecution's case did not rest solely on circumstantial evidence (see, e.g., *People v Ruiz,* 52 NY2d 929, 930), that, by and large, the prosecutor's summation constituted a fair response to the defendant's summation (see *People v Arce,* 42 NY2d 179; *People v Marks,* 6 NY2d 67) and that to the extent that any remarks were inappropriate, defendant was not deprived of a fair trial *(People v Hopkins,* 58 NY2d 1079, 1083; *People v Galloway,* 54 NY2d 396; cf. *People v Stewart,* 92 AD2d 226). Nor, given defendant's extensive criminal background, is modification of the sentence warranted. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.