■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COVINGTON, Appellant. [748 NYS2d 117] —Appeal from judgment of Monroe County Court (Kohout, J.), entered April 2, 2001, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]) based on his sale of crack cocaine to a team of undercover police officers. Defendant contends that he was deprived of his right to a fair trial when, during cross-examination, a police officer referred to the fact that, in preparing to testify at trial, he had reviewed "the transcript from the parole hearing from my testimony." County Court properly denied defendant's motion for a mistrial based on that testimony. Although the police officer's reference to defendant's parole hearing was improper, that reference occurred during open-ended cross-examination of the officer by defense counsel, and defense counsel declined the court's offer to give a curative instruction (*cf. People v Johnson,* 219 AD2d 809, 810, *lv denied* 87 NY2d 903). Thus, "[u]nder the circumstances, the court did not abuse its discretion in denying defendant's motion for the 'drastic remedy' of a mistrial" (*id.*). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.