■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY TUFF, JR., Appellant. [935 NYS2d 807]—

Memorandum: On appeal from a judgment convicting him, following a jury trial, of various drug-related crimes as well as the crime of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]), defendant contends, inter alia, that the People failed to provide full disclosure of the confidential informant's motivation for becoming a confidential informant and testifying at trial. That contention is not preserved for our review because defendant did not object to any of the informant's direct testimony regarding his motivation for becoming a confidential informant (*see* CPL 470.05 [2]). In any event, the record establishes that defense counsel both cross-examined and re-cross-examined the informant with respect to that contention at trial. Contrary to defendant's further contentions, County Court did not err in consolidating the indictments for trial (*see People v Rogers*, 245 AD2d 1041 [1997]), nor did the court violate defendant's right to be present at sidebar conferences inasmuch as his absence at the sidebar conferences did not affect his ability to defend himself (*see People v Antommarchi*, 80 NY2d 247, 250 [1992], *rearg denied* 81 NY2d 759 [1992]; *People v Velasco*, 77 NY2d 469, 472 [1991]). We reject defendant's contention that the sentence is illegal (*see generally* Penal Law § 70.25 [2]). Finally, defendant failed to preserve for our review his contention that the court erred in preventing him from calling a witness who had been granted use immunity, and he likewise failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Peradotto, Lindley, Green and Martoche, JJ.