# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

110
KA 11-01915
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANIEL A. LUDWIG, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered September 16, 2011. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96), defendant contends that he was denied a fair trial by the prosecutor's references during her opening statement to prior consistent statements of the victim and by the prosecutor's bolstering of the victim's credibility through the elicitation of those prior consistent statements from five witnesses. Defendant's contention is preserved for our review only with respect to the testimony of two of those witnesses (*see* CPL 470.05 [2]). In any event, it is without merit. Two of the witnesses at issue were caseworkers who did not give any testimony regarding the victim's disclosures, and their testimony regarding her demeanor when they raised the abuse allegations with her was not improperly admitted (*see People v Shepherd*, 83 AD3d 1298, 1300, *lv denied* 17 NY3d 809). We conclude that the testimony of the remaining witnesses at issue, including the victim, did not constitute improper bolstering inasmuch as the evidence was not admitted for its truth (*see People v Rosario*, 100 AD3d 660, 661; *People v Burgos*, 90 AD3d 1670, 1671-1672, *lv denied* 19 NY3d 862). Rather, the evidence was admitted to explain how the victim eventually disclosed the abuse and how the investigation started (*see People v Galloway*, 93 AD3d 1069, 1072, *lv denied* 19 NY3d 996; *People v Gregory*, 78 AD3d 1246, 1246-1247, *lv denied* 16 NY3d 831; *People v Rich*, 78 AD3d 1200, 1202, *lv denied* 17 NY3d 799). Inasmuch as the testimony from the relevant witnesses was proper, defendant's

further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the testimony regarding the victim's prior consistent statements and the prosecutor's opening statement is without merit (*see People v Bernardez*, 85 AD3d 936, 938, *lv denied* 17 NY3d 857; *see also People v Hyatt*, 2 AD3d 749, 749-750, *lv denied* 1 NY3d 629).

Defendant also contends that County Court erred in precluding his mother from testifying about a prior inconsistent statement of the victim, i.e., that she heard the victim say that she would only disclose what her mother told her to disclose (inconsistent statement testimony). To the extent that defendant contends that the preclusion of the inconsistent statement testimony denied him his constitutional right to present a defense, that contention is not preserved for our review (*see People v Lane*, 7 NY3d 888, 889; *People v Castor*, 99 AD3d 1177, 1181; *People v Metellus*, 54 AD3d 601, 602, *lv denied* 11 NY3d 899). To the extent that defendant contends that the inconsistent statement testimony was admissible to impeach the victim's credibility and to establish that the victim had a reason to fabricate the allegations against defendant, that contention is also not preserved for our review (*People v Marthone*, 281 AD2d 562, 562, *lv denied* 96 NY2d 904). When the People objected to the inconsistent statement testimony on hearsay grounds, defense counsel was unable to articulate an exception to the hearsay rule (*see generally People v Lyons*, 81 NY2d 753, 754). We decline to exercise our power to review the contentions regarding the inconsistent statement testimony as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[N]othing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of [the] crime[] . . . , and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819, *lv denied* 7 NY3d 765).

Defendant failed to preserve for our review his further contention that the sentence of 16 years to life imprisonment constitutes cruel and unusual punishment inasmuch as the maximum sentence for a crime with identical elements, i.e., course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), is 25 years (*see People v Verbitsky*, 90 AD3d 1516, 1516, *lv denied* 19 NY3d 868; *People v Wright*, 85 AD3d 1642, 1644, *lv denied* 17 NY3d 863). In any event, we reject that contention (*see People v Holmquist*, 5 AD3d 1041, 1041-1042, *lv denied* 2 NY3d 800; *see generally People v Thompson*, 83 NY2d 477, 479-480; *People v Lawrence*, 81 AD3d 1326, 1326-1327, *lv denied* 17 NY3d 797), as well as his contention that the sentence is unduly harsh or severe. Finally, defendant did not object to the order of protection at sentencing and thus failed to preserve for our review his contention that the court failed to comply with CPL 530.12 (5) by not stating its reasons for issuing the order

of protection (*see People v Kulyeshie*, 71 AD3d 1478, 1479, *lv denied* 14 NY3d 889).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court