# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

196
KA 15-01369
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WENDELL D. SMITH, DEFENDANT-APPELLANT.

---

GANGULY BROTHERS, PLLC, ROCHESTER (ANJAN K. GANGULY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 23, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (three counts), criminally using drug paraphernalia in the second degree (three counts) and criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of multiple drug offenses and a single charge of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) based on charges arising from two separate criminal incidents, defendant contends that County Court erred in refusing to sever the counts related to the second incident from the counts related to the first incident. We reject that contention. Defendant, in seeking severance, "failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever" (*People v Anderson*, 113 AD3d 1102, 1103, *lv denied* 22 NY3d 1196; *see* CPL 200.20 [3]; *People v Sharp*, 104 AD3d 1325, 1325-1326, *lv denied* 21 NY3d 1009). Moreover, the evidence concerning the two separate incidents was presented separately and through different witnesses. We thus conclude that the evidence "was readily capable of being segregated in the minds of the jury" (*People v Ford*, 11 NY3d 875, 879), and defendant failed to establish that there was a "substantial likelihood that the jury would be unable to consider the proof of each offense separately" (*People v Rios*, 107 AD3d 1379, 1380, *lv denied* 22 NY3d 1158 [internal quotation marks omitted]).

Defendant further contends that the court erred in refusing to

suppress evidence that was seized from his residence during the execution of a search warrant. "By failing to seek a ruling on that part of his omnibus motion challenging the [search warrant] and by failing to object to the [admission of the seized evidence] at trial, defendant abandoned his challenge to the [search warrant]" (*People v Linder*, 114 AD3d 1200, 1201, *lv denied* 23 NY3d 1022). Although defendant contends that "the court unequivocally denied" that part of his omnibus motion seeking suppression of evidence seized from his home, the record belies defendant's contention. The only ruling on a suppression issue contained in the record on appeal is the court's ruling denying suppression of the evidence seized from defendant's vehicle during a separate and distinct traffic stop.

The court, in addressing issues related to the search warrant, did conduct a *Darden* hearing and generated a summary report of that hearing. Defendant now contends that the court erred in failing to provide defense counsel with a copy of that summary report. Inasmuch as defendant did not make "a prompt request for [the] summary, [he] may not now complain" that he did not receive it (*People v Lowen*, 100 AD2d 518, 519; *see People v Clark*, 54 NY2d 941, 943).

Defendant further contends that the court erred in ruling that defense counsel could not question the police officer who conducted the traffic stop of defendant concerning statements made by defendant's cousin, who was a passenger in the vehicle. According to defendant, the cousin allegedly claimed that the drugs found under the driver's seat belonged to him. While the statements were certainly against the cousin's penal interest, and were made with both knowledge and awareness that the statements were against his penal interest, defendant failed to establish that the cousin was unavailable to testify (*see generally People v DiPippo*, 27 NY3d 127, 136-137; *People v Brensic*, 70 NY2d 9, 15, *remittitur amended* 70 NY2d 722). Indeed, the cousin actually testified at trial on defendant's behalf. Inasmuch as unavailability of the declarant is a required element for the introduction of a declaration against penal interest (*see DiPippo*, 27 NY3d at 136-137; *Brensic*, 70 NY2d at 15; *People v McFarland*, 108 AD3d 1121, 1122, *lv denied* 24 NY3d 1220), and exclusion of the statement did not "infringe[] on defendant's weighty interest in presenting exculpatory evidence" (*People v Oxley*, 64 AD3d 1078, 1084, *lv denied* 13 NY3d 941), we conclude that, even under the less exacting standard for declarations offered by a defendant to exculpate himself (*see Brensic*, 70 NY2d at 15; *McFarland*, 108 AD3d at 1122), the court properly precluded defense counsel from cross-examining the police officer regarding the cousin's hearsay statements.

For the first time, in his reply brief on appeal, defendant raises other possible avenues for admission of the statements, contending either that they were excited utterances or that they were not being admitted for the truth of the matter asserted. Those contentions are not preserved for our review (*see People v Ludwig*, 104 AD3d 1162, 1163, *affd* 24 NY3d 221; *see also People v Lyons*, 81 NY2d 753, 754), and were improperly raised for the first time in a reply brief (*see generally People v Allen*, 104 AD3d 1170, 1173, *lv denied* 21 NY3d 1001).

Defendant further contends that the denial of an opportunity to cross-examine the police officer on the cousin's statements deprived defendant of his constitutional rights to confront witnesses and to present a defense.  Arguably, those contentions are preserved for our review (*cf. Ludwig*, 104 AD3d at 1163), but we conclude that the contentions lack merit.

It is well settled that "[t]he trial court has discretion to determine the scope of the cross-examination of a witness" (*People v Corby*, 6 NY3d 231, 234; *see People v Rivera*, 105 AD3d 1343, 1344, *lv denied* 21 NY3d 1045), and the Court of Appeals has held that "an accused's right to cross-examine witnesses and present a defense is not absolute" (*People v Williams*, 81 NY2d 303, 313).  "Evidentiary restrictions are to be voided only if they are 'arbitrary or disproportionate to the purposes they are designed to serve' " (*Williams*, 81 NY2d at 313).  " '[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish' " (*People v Esquerdo*, 71 AD3d 1424, 1425, *lv denied* 14 NY3d 887, quoting *Delaware v Fensterer*, 474 US 15, 20).  Here, defendant was afforded the opportunity for effective cross-examination of the police officer, as well as the opportunity to present the cousin's testimony to the jury; no more was required in this case.

Defendant also sought to introduce, as a declaration against penal interest, a sworn statement from a third party who was in the house on the night the search warrant was executed.  In that statement, the third party allegedly claimed that the drugs and gun found in the residence belonged to him.  Defendant now contends that the court erred in refusing to permit defendant to admit that statement in evidence.  Defendant failed, however, to include the third party's statement in the record on appeal, and we cannot address the merits of the contention without that statement.  Inasmuch as it was "defendant's obligation to prepare a proper record" (*People v Olivo*, 52 NY2d 309, 320, *rearg denied* 53 NY2d 797), we conclude that defendant must bear the consequences of his failure to include the document in the record on appeal (*see People v O'Halloran*, 48 AD3d 978, 979, *lv denied* 10 NY3d 868; *People v Taylor*, 231 AD2d 945, 946, *lv denied* 89 NY2d 930).

With respect to defendant's remaining contentions, we conclude that the court did not abuse or improvidently exercise its discretion in denying defendant's request for a mistrial when the prosecutor inadvertently mentioned the name of a fallen officer after the court had precluded any reference to the officer's name (*see generally People v Duell*, 124 AD3d 1225, 1228, *lv denied* 26 NY3d 967; *People v Covington*, 298 AD2d 966, 966, *lv denied* 99 NY2d 557); "did not improvidently exercise its discretion by denying . . . defendant's oral request, in the midst of the trial, for a material witness order to secure the appearance at trial of a proposed defense witness" (*People v Edwards*, 267 AD2d 246, 246, *lv denied* 94 NY2d 902); and did not err in summarily denying defendant's motion to set aside the verdict inasmuch as it was " 'supported only by hearsay allegations

contained in an affidavit of defense counsel' " (*People v Kerner*, 299 AD2d 913, 913, *lv denied* 99 NY2d 583; *see People v Comfort*, 30 AD3d 1069, 1069-1070, *lv denied* 7 NY3d 787).

Entered:  February 10, 2017                     Frances E. Cafarell
                                                Clerk of the Court