■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI AUSLANDER, Appellant. [50 NYS3d 871]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 15, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The court properly determined that probable cause existed for the issuance of the search warrants at issue. Although defendant challenges the proof of the reliability of the registered confidential informant, the warrant affidavit satisfied the requirement of a "minimum, reasonable showing that the informant was reliable" (People v Griminger, 71 NY2d 635, 639 [1988]). The affiant, who was entitled to rely on information from fellow officers where applicable, provided specific information about how the informant had assisted the police in several ways that tended to demonstrate his ongoing reliability. The affiant had also met the informant personally, and had verified some of the information he provided.

Defendant's request for a hearing under People v Darden (34 NY2d 177 [1974]) did not encompass a request for a summary report of the hearing. Since defendant never asked for such a report, its absence provides no basis for reversal (see People v Clark, 54 NY2d 941, 943 [1981]; People v Lowen, 100 AD2d 518, 519 [2d Dept 1984], lv denied 62 NY2d 808 [1984]). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.