Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 7, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree (two counts), unlawful possession of marihuana and intimidating a victim or witness in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed on counts one and two shall run concurrently with the sentences imposed on counts three through seven and as modified the judgment is affirmed.
 

 Memorandum: Defendant was convicted upon a jury verdict of various charges, including criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the first degree (§ 220.21 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). On a prior appeal, this Court affirmed the judgment of conviction (People v Tuff, 90 AD3d 1645 [4th Dept 2011], lv denied 19 NY3d 968 [2012]). We subsequently granted defendant’s motion for a writ of error coram nobis, however, on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether the verdict is against the weight of the evidence (People v Tuff, 107 AD3d 1646 [4th Dept 2013]), and we vacated our prior order. We now consider the appeal de novo.
 

 Defendant contends that the conviction is not supported by legally sufficient evidence. As defendant correctly concedes, he failed to preserve his contention for our review (see generally People v Gray, 86 NY2d 10,19 [1995]). We nevertheless exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we conclude that the contention lacks merit.
 

 Before trial, County Court consolidated two indictments that contained charges related to three separate and distinct incidents. One indictment charged defendant with one count each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and criminal possession of a controlled substance in the third degree (§ 220.16 [1]) related to an alleged sale of a controlled substance to a confidential informant on September 9, 2008 (sale offenses). The other indictment charged defendant with criminal possession of a controlled substance in the first degree (§ 220.21 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), unlawful possession of marihuana (§ 221.05) and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]) related to his alleged possession of those items, which were recovered during the execution of a search warrant at the residence of defendant’s sister on September 25, 2008 (possession offenses). That indictment also charged defendant with intimidating a victim or witness in the third degree (§ 215.15 [1]) based on allegations that, on October 26, 2008, he threatened his sister’s boyfriend with physical injury should he cooperate with the police or give testimony against defendant.
 

 Contrary to the contention of defendant, the conviction of the sale offenses is supported by legally sufficient evidence, i.e., the eyewitness testimony of the informant who participated in the controlled purchase of cocaine from defendant and the New York State Police investigator who supervised that controlled purchase, along with the forensic testimony establishing the weight and identity of the cocaine (see People v Brown, 2 AD3d 1423, 1424 [4th Dept 2003], lv denied 1 NY3d 625 [2004]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant’s contention that the testimony of the informant was incredible as a matter of law, i.e., “manifestly untrue, physically impossible, contrary to experience, or self-contradictory” (People v Ponzo, 111 AD3d 1347, 1348 [4th Dept 2013] [internal quotation marks omitted]; see People v Barr, 216 AD2d 890, 890 [4th Dept 1995], lv denied 86 NY2d 790 [1995]). Viewing the evidence in light of the elements of the sale offenses as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s additional contention that the verdict with respect to those counts is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
 

 Addressing next the single count of intimidating a victim or witness, we conclude that the testimony of the sister’s boyfriend that defendant came to his home and threatened him with physical injury should he cooperate with law enforcement or testify against defendant at trial is legally sufficient to establish defendant’s guilt of that offense (see Bleakley, 69 NY2d at 495). In addition, viewing the evidence in light of the elements of that crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict on that count is not against the weight of the evidence (see Bleakley, 69 NY2d at 495). “Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury” (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks and brackets omitted]).
 

 The closer issues are whether the evidence is legally sufficient to support the conviction of the possession offenses or whether the verdict on those counts is against the weight of the evidence, the latter issue being the basis upon which we granted an appeal de novo. Having reviewed the record de novo, we conclude that those issues lack merit.
 

 “ ‘Constructive possession can be established by evidence that the defendant had dominion and control over the [drugs and drug paraphernalia] or the area in which [they were] found.’ ‘Exclusive access, however, is not required to sustain a finding of constructive possession’ ” (People v Victor, 139 AD3d 1102, 1105 [3d Dept 2016], lv denied 28 NY3d 1076 [2016] [citations omitted]; see People v Carvajal, 14 AD3d 165, 170 [1st Dept 2004], affd 6 NY3d 305 [2005]). Here, the drugs and drug paraphernalia were recovered from various locations inside a residence in which defendant’s sister, her boyfriend and her children resided. It is undisputed that defendant did not reside in that residence. Nevertheless, there was ample evidence that defendant constructively possessed the contraband.
 

 Throughout the summer of 2008, both before and after the sale, defendant was under surveillance, and he was observed entering the sister’s residence numerous times. On September 9, 2008, defendant sold cocaine to an informant at the sister’s residence, and his presence at the residence during the sale was confirmed by the investigator. There was significant evidence supporting the inference that defendant was a major drug dealer, which included evidence that $17,000 in cash was recovered from defendant’s residence, bound in $1,000 increments, also known as “G packets.” The informant, who was also an admitted drug dealer, testified that dealers often used “stash” houses belonging to friends or relatives to keep their drugs out of their own residences.
 

 During the execution of the search warrant at the sister’s residence, her boyfriend stated that they were “going down for [defendant’s] [actions].” Indeed, the boyfriend testified at trial that the cocaine in the attic of his residence belonged to defendant. Defendant had come to the residence 30 minutes before the raid and had gone to the back of the house where the door to the attic was located. Some time later, defendant called the boyfriend and asked him to move the cocaine to the garage outside of the residence.
 

 Although there was a question whether defendant had a key to the residence at the time the search warrant was executed, the sister’s boyfriend and the informant, who spent a lot of time with defendant, testified that defendant had access to the residence. He could go there “any time he wanted” and “could go in and out as he please [d].”
 

 After the search warrant was executed, defendant admitted to two of his relatives that the cocaine found in the residence belonged to him. He also admitted to the informant, before he knew that the informant was cooperating with law enforcement, that the cocaine at the sister’s residence had belonged to him and that the boyfriend was “stupid” for failing to move it.
 

 Unlike other constructive possession cases, where the testimony at trial is limited to physical evidence linking a defendant to a location and possession of the drugs must be inferred from the defendant’s ties to the residence (see e.g. People v Slade, 133 AD3d 1203, 1205 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]; People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]; People v Pichardo, 34 AD3d 1223, 1224 [4th Dept 2006], lv denied 8 NY3d 926 [2007]; People v Patterson, 13 AD3d 1138, 1139 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; People v Eldridge, 173 AD2d 975, 976 [3d Dept 1991]), here there was testimony that defendant on three occasions admitted that the drugs in the house belonged to him, and the sister’s boyfriend testified that the drugs in his residence belonged to defendant. Moreover, the evidence established that defendant had sold cocaine from that residence less than three weeks before the search warrant was executed.
 

 We thus conclude that the evidence is legally sufficient to support the conviction of the possession offenses (see Bleakley, 69 NY2d at 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), including the charge that possession may be joint, we conclude that “there was ample evidence that regardless of where he was situated, defendant at all times exercised continued dominion and control over the drugs [and paraphernalia] that were ultimately seized and the locations where the subject drugs [and paraphernalia] were discovered” (Carvajal, 14 AD3d at 171). As a result, we conclude that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495).
 

 Defendant further contends that he was denied his right to present a defense when the court refused to allow him to call a witness who had indicated, outside the presence of the jury, that she would invoke her privilege against self-incrimination. We reject that contention. Even assuming, arguendo, that defendant preserved his contention for our review by an appropriate objection raised during an untranscribed bench conference, we nevertheless conclude that it lacks merit. “[T]he decision whether to permit defense counsel to call a particular witness solely ‘to put him [or her] to his [or her] claim of privilege against self[-] incrimination in the presence of the jury’ rests within the sound discretion of the trial court” (People v Thomas, 51 NY2d 466, 472 [1980]; see People v Grimes, 289 AD2d 1072, 1073 [4th Dept 2001], lv denied 97 NY2d 755 [2002]). We see no basis upon which to disturb the court’s decision.
 

 We further reject defendant’s contention that he was denied his right to present a defense when the court refused to permit a defense witness to testify about alleged out-of-court statements made by the sister’s boyfriend wherein he allegedly admitted that the cocaine seized from his residence belonged to him. The testimony was hearsay and, although the boyfriend’s statements could be deemed a declaration against penal interest, the hearsay exception for such statements does not apply because he testified at trial and the “unavailability of the declarant is a required element for the introduction of a declaration against penal interest” (People v Smith, 147 AD3d 1527, 1529 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; see generally People v Brensic, 70 NY2d 9, 15 [1987], remittitur granted 70 NY2d 722 [1987]). Moreover, the “exclusion of the statement did not ‘infringe [ ] on defendant’s weighty interest in presenting exculpatory evidence’ ” (Smith, 147 AD3d at 1529). “While a defendant has a constitutional right to present a defense, the right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence” (People v Hayes, 17 NY3d 46, 53 [2011], cert denied 565 US 1095 [2011] [internal quotation marks and brackets omitted]).
 

 During defendant’s trial, the prosecutor repeatedly referred to defendant by his nickname, “BOLO,” and elicited that nickname from witnesses. Defendant contends that the use of his nickname constituted prosecutorial misconduct depriving him of a fair trial. Defendant, however, did not object to the use of his nickname and thus failed to preserve his contention for our review (see People v Caver, 302 AD2d 604, 604 [2d Dept 2003], lv denied 99 NY2d 653 [2003]). In any event, we conclude that the references to defendant by his nickname were not so prejudicial as to deny him a fair trial (see People v Hernandez, 89 AD3d 1123, 1125-1126 [3d Dept 2011], lv denied 20 NY3d 1099 [2013]; cf. People v Collier, 114 AD3d 1136, 1137 [4th Dept 2014]; People v Lauderdale, 295 AD2d 539, 540 [2d Dept 2002]). Defendant’s remaining contentions of prosecutorial misconduct on summation are likewise not preserved for our review (see People v Simmons, 133 AD3d 1227, 1228 [4th Dept 2015]; see generally CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
 

 Before trial, defendant attempted to submit a pro se motion to suppress evidence, which the court rejected. He contends that this rejection, coupled with the cumulative effect of the alleged errors previously discussed, denied him a fair trial. We reject that contention. Defendant was represented by counsel at the time the court rejected his pro se motion and, “[b]ecause a defendant has no constitutional right to hybrid representation, the decision to allow such representation lies within the sound discretion of the trial court” (People v Rodriguez, 95 NY2d 497, 502 [2000]). Contrary to defendant’s further contention, he was not denied a fair trial by the cumulative effect of the alleged errors.
 

 Defendant was represented by two separate attorneys, and he contends that he was denied effective assistance of counsel when the first attorney failed to move to suppress the items seized during the execution of the search warrant. Contrary to defendant’s contention, however, defense counsel had a “strategic or other legitimate explanation [ ]” for not making that motion (People v Rivera, 71 NY2d 705, 709 [1988]), inasmuch as defendant lacked standing to challenge a search conducted at his sister’s residence (see generally People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]). It is well settled that “[t]here can be no denial of effective assistance of trial counsel arising from counsel’s failure to ‘make a motion or argument that has little or no chance of success’ ” (People v Caban, 5 NY3d 143, 152 [2005]). Defendant further contends that the second attorney was ineffective in failing to make a proper Batson challenge and to make a record concerning alleged misconduct of a prosecution witness. Those contentions, however, are based on matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL 440.10 (see generally People v Kirk, 96 AD3d 1354, 1355 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]).
 

 Defendant contends that the second attorney also was ineffective based on his allegedly inadequate motion to suppress, his failure to object to the use of defendant’s nickname, and his generic motion for a trial order of dismissal. Those contentions lack merit. Viewing the evidence, the law and the circumstances of the case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Defendant failed to preserve for our review his contention that he was penalized for asserting his right to a trial (see People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017]; People v Williams, 125 AD3d 1300, 1302 [4th Dept 2015], lv denied 26 NY3d 937 [2015]). In any event, we conclude that the contention lacks merit.
 

 We nevertheless conclude that the sentence is unduly harsh and severe and should be modified. The court ordered the sentences on the possession offenses to run consecutively to the sentences imposed on the sale offenses. The court further ordered the sentence imposed on the intimidating a witness count to run consecutively to all other sentences. The aggregate sentence of incarceration thus totaled 25V3 to 28 years, which in our view is excessive for a nonviolent drug dealer, and even for one who is a repeat offender, such as defendant. We thus conclude that the sentences for the sale offenses and the possession offenses should run concurrently to each other (see e.g. People v Morman, 145 AD3d 1435, 1439 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; People v Hernandez, 295 AD2d 989, 990 [4th Dept 2002], lv denied 98 NY2d 711 [2002]). We therefore, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]), modify the judgment by directing that the sentences imposed on counts one and two run concurrently with the sentences imposed on counts three through seven. The sentence imposed on count eight shall still run consecutively to the sentences imposed on all other counts.
 

 Present— Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.