People v Everson (2019 NY Slip Op 00788)





People v Everson


2019 NY Slip Op 00788


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1401 KA 16-01429

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GEORGE EVERSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered February 5, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant's conviction arises out of the seizure from his apartment of, inter alia, a loaded .38 caliber handgun and 103 bags of heroin during the execution of a search warrant. Defendant shared the apartment with his two young children and their mother.
Defendant contends that his conviction is not supported by legally sufficient evidence inasmuch as the People failed to establish that he had constructive possession of either the gun or the drugs. That contention is preserved for our review, however, only with respect to the criminal possession of a weapon count inasmuch as defendant did not argue in his motion for a trial order of dismissal that there was legally insufficient evidence to establish the element of possession under the criminal possession of a controlled substance count (see People v Gray, 86 NY2d 10, 19 [1995]).
In reviewing the legal sufficiency of the evidence, we must "determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Williams, 84 NY2d 925, 926 [1994]; see People v Boyd, 145 AD3d 1481, 1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]). "To meet their burden of proving defendant's constructive possession of the [gun], the People had to establish that defendant exercised dominion or control over [the gun] by a sufficient level of control over the area in which [it was] found" (People v Lawrence, 141 AD3d 1079, 1082 [4th Dept 2016], lv denied 28 NY3d 1029 [2016] [internal quotation marks omitted]; see Penal Law § 10.00 [8]).
Contrary to defendant's contention, there is legally sufficient evidence that he exercised dominion or control over the area in which the gun was found and thus constructively possessed it, notwithstanding that the area was accessible to other people (see People v Tuff, 156 AD3d 1372, 1375 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). Exclusive access is not required to sustain a finding of constructive possession (see id.), and "several individuals may constructively possess an object simultaneously, provided each individual exercises dominion and control over the object or the area in which the object is located" (Boyd, 145 AD3d at 1482 [internal quotation marks omitted]). Here, the gun was found wrapped in baby clothing, having [*2]fallen from a playpen inside the apartment where defendant resided with his toddlers. Thus, the evidence "went beyond defendant's mere presence in the residence at the time of the search and established a particular set of circumstances from which a jury could infer possession' of the contraband" (People v McGough, 122 AD3d 1164, 1166 [3d Dept 2014], lv denied 24 NY3d 1220 [2015], quoting People v Bundy, 90 NY2d 918, 920 [1997]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to both crimes is not against the weight of the evidence (see generally CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Stephenson, 104 AD3d 1277, 1278 [4th Dept 2013], lv denied 21 NY3d 1020 [2013], reconsideration denied 23 NY3d 1025 [2014]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court