People v Williams (2019 NY Slip Op 06293)





People v Williams


2019 NY Slip Op 06293


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


581 KA 18-00728

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHALA WILLIAMS, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






JOHN R. LEWIS, SLEEPY HOLLOW, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Stephen J. Dougherty, J.), dated February 28, 2018. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). In appeal No. 2, defendant appeals from an order denying his CPL 440.10 motion to vacate the judgment of conviction on the ground of ineffective assistance of counsel.
Defendant contends in appeal No. 1 that County Court (Fahey, J.) erred in determining, following a Sirois hearing, that the People "demonstrate[d] by clear and convincing evidence that [he] engaged in misconduct aimed at least in part at preventing [a] witness from testifying and that those misdeeds were a significant cause of the witness's decision not to testify" (People v Smart, 23 NY3d 213, 220 [2014]) and that, consequently, the court erred in permitting the prosecution to elicit testimony concerning hearsay statements attributed to that witness in its direct case (see generally People v Geraci, 85 NY2d 359, 365-367 [1995]; People v Vernon, 136 AD3d 1276, 1277-1278 [4th Dept 2016], lv denied 27 NY3d 1076 [2016]). We reject that contention. The court found that the witness, while testifying at the Sirois hearing, appeared "agitated, anxious, uncomfortable and evasive." The court also credited the testimony of a law enforcement officer that, according to the witness, defendant confronted the witness with a photograph of that witness approximately one week prior to trial and informed him that defendant was aware of the witness's upcoming testimony, and the witness asserted afterward that he would not testify. We further reject defendant's contention that the hearsay statement attributed to the witness at trial regarding defendant's purported admission to him was "so devoid of reliability as to offend due process" (People v Cotto, 92 NY2d 68, 78 [1998]).
Contrary to defendant's additional contention, he is not entitled to a new trial based on an alleged Rosario violation. Defendant failed to identify the "written or recorded statement" that the People allegedly withheld (CPL 240.45 [1] [a]), and his speculation that law enforcement notes of a specific witness interview may exist is improperly raised for the first time in his reply brief (see generally People v Smith, 147 AD3d 1527, 1529 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]).
With respect to appeal No. 2, however, we agree with defendant that the court (Dougherty, J.) erred in denying his CPL 440.10 motion without a hearing. The issue whether counsel failed to file an alibi notice or adequately investigate and utilize potentially exculpatory [*2]witnesses involves matters outside the record on direct appeal (see People v Conway, 118 AD3d 1290, 1291 [4th Dept 2014]; see also People v Blocker, 132 AD3d 1287, 1287-1288 [4th Dept 2015], lv denied 27 NY3d 992 [2016]). Thus, the court was not required to deny the motion pursuant to CPL 440.10 (2) (b). Contrary to the court's further conclusion, defendant's ineffective assistance claim is not based upon " facts that should have been placed on the record during trial [proceedings]' " (People v Culver, 69 AD3d 976, 979 [3d Dept 2010]; see CPL 440.10 [3] [a]). Thus, inasmuch as we agree with defendant that his submissions raise a factual issue whether he was denied effective assistance of counsel, we remit the matter for a hearing.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court