People v Stephany (2020 NY Slip Op 02580)





People v Stephany


2020 NY Slip Op 02580


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


453 KA 16-01117

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW STEPHANY, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered March 29, 2016. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the fifth degree and criminal sale of marihuana in the fourth degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), criminal possession of a controlled substance in the fifth degree (§ 220.06 [1]), and two counts of criminal sale of marihuana in the fourth degree (§ 221.40), arising from his sale of marihuana and hallucinogenic mushrooms to a confidential informant.
We reject defendant's challenge to the legal sufficiency of the evidence. Contrary to defendant's contention, the testimony of the confidential informant was not incredible as a matter of law, i.e., his testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Ponzo, 111 AD3d 1347, 1348 [4th Dept 2013] [internal quotation marks omitted]; see People v Tuff, 156 AD3d 1372, 1374 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). Although the confidential informant's recollection of the sales "was inconsistent in minor respects from other evidence in the record, those discrepancies were explored at trial" and presented an issue of credibility for the jury to resolve (People v Heaney, 75 AD3d 836, 837 [3d Dept 2010], lv denied 15 NY3d 852 [2010]; see People v Barr, 216 AD2d 890, 890 [4th Dept 1995], lv denied 86 NY2d 790 [1995]), and we see no basis to disturb its credibility determination (see People v Wilcher, 158 AD3d 1267, 1268 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]). In addition, the People presented the testimony of the police investigators who supervised the controlled purchases and monitored the transactions through an audio device and the testimony of a forensic chemist establishing the weight and identity of the contraband (see Tuff, 156 AD3d at 1374). Thus, viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court