People v Delrio

2026 NY Slip Op 02937

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Larrel Delrio, Appellant.

Decided and Entered: May 12, 2026

Ind. No. 73757/22|Appeal No. 6584|Case No. 2024-06557|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'Neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Laura M. McFeely of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Elizabeth T. Schmidt of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Erika M. Edwards, J.), rendered October 21, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony drug offender, to a term of two years followed by three years of postrelease supervision on the drug possession count and, as a second felony offender, to a concurrent term of 1½ to 3 years on the weapon possession count, unanimously affirmed.

Defendant validly waived his right to appeal. The court's explanation tracked the model colloquy the Court of Appeals endorsed in People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). "Nothing in the colloquy or written waiver suggested that defendant would forfeit his right to appellate counsel for claims that survived the waiver" (People v Diallo, 242 AD3d 612, 612 [1st Dept 2025] [internal quotation marks omitted]). Defendant's valid waiver forecloses review of his excessive sentence and search warrant claims (see People v Samuels, 195 AD3d 570, 570-571 [1st Dept 2021], lv denied 37 NY3d 1148 [2021]).

As an alternative holding, we reject those claims on the merits. In the search warrant affidavit, the confidential informant's basis of knowledge "was established by the fact that the informant was a direct participant in a drug transaction with defendant" (People v Alba, 279 AD2d 313, 313 [1st Dept 2001], lv denied 96 NY2d 797 [2001]). The search warrant affidavit established the confidential informant's reliability by "provid[ing] specific information about how the informant had assisted the police in several ways" (People v Auslander, 149 AD3d 640, 640 [1st Dept 2017], lv denied 29 NY3d 1123 [2017]). That background was sufficient because a "verified history of success" with the confidential informant is "[a]ll that is required" to establish an informant's record of "providing accurate information" (People v Calise, 256 AD2d 64, 66 [1st Dept 1998], lv denied 93 NY2d 851 [1999]). In any event, upon conducting an in camera review of the search warrant application, we find that the search warrant was issued based on probable cause (People v Bleyden, 241 AD3d 1207, 1208 [1st Dept 2025], lv denied 44 NY3d 1050 [2025]).

Defendant failed to preserve his claim that the court should have ordered a Darden hearing because he "did not contest the existence of the confidential informant or the accuracy of the police testimony supporting the warrant" (People v Melendez, 243 AD3d 487, 487 [1st Dept 2025]). We do not reach defendant's claim in the interest of justice. In any event, because defendant did not contest the confidential informant's identity, no hearing "was necessary" (People v Perez, 301 AD2d 434, 435 [1st Dept 2003], lv denied 99 NY2d 657 [2003]).

We perceive no basis for reducing the sentence.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026